UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PRISCILLA ARDREY,

    Plaintiff,

v.                                                Case No. 8:12-cv-08-T-24 MAP

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____/

## ORDER

This cause comes before the Court on Defendant's Motion to Dismiss Count II and to Strike the Punitive Damages Claim and Paragraph 34. (Doc. No. 10). Plaintiff opposes the motion. (Doc. No. 13). As explained below, the motion is granted in part and denied in part.

**I. Background**

Plaintiff Priscilla Ardrey alleges the following in her amended complaint (Doc. No. 8): On July 14, 2006, Plaintiff was involved in a car accident with an unidentified motor vehicle and was seriously injured. At the time of the accident, Plaintiff had auto insurance with Defendant USAA Casualty Insurance Company ("USAA"), and the unidentified motor vehicle was deemed an uninsured motor vehicle under the insurance policy. The policy provided Plaintiff with stacked coverage of $200,000 per accident.

For almost a year, USAA did not attempt to settle Plaintiff's uninsured motorist claim ("UM claim"). In April of 2007, Plaintiff offered to settle her UM claim for $200,000. USAA rejected that offer and counter-offered $6,000. Over the next year, USAA offered no more than $7,000 to settle Plaintiff's UM claim, even though she needed surgery on her spine that would

cost more than $35,000.

On April 11, 2008, Plaintiff submitted two civil remedy notices ("CRNs") regarding USAA's failure to settle her UM claim. On April 15, 2008, Plaintiff filed a lawsuit against USAA in state court to determine her damages from the accident and USAA's liability for her UM claim. On April 1, 2009, Plaintiff served USAA with a proposal for settlement for $159,999.99. USAA did not accept the proposal.

On April 28, 2010, Plaintiff filed a third CRN regarding USAA's failure to settle her UM claim. On May 24, 2010, Plaintiff served USAA with a second proposal for settlement for $115,000. USAA did not accept the proposal.

On November 10, 2010, a jury found in favor of Plaintiff on her UM claim against USAA and awarded her over $1 million in damages. Thereafter, on November 14, 2011, Plaintiff filed the instant bad faith lawsuit against USAA, which was later removed to this Court. Plaintiff's amended complaint contains two counts: (1) Count I: a statutory claim for bad faith failure to settle, pursuant to Florida Statute § 624.155(1)(b)(1), and (2) Count II: a statutory claim for unfair settlement practices, pursuant to Florida Statute § 626.9541(1)(i)(3). Plaintiff also seeks punitive damages.

In response to the amended complaint, USAA filed the instant motion. Specifically, USAA seeks dismissal of Count II, and it asks the Court to strike paragraph 34 in Count I, as well as Plaintiff's request for punitive damages. Accordingly, the Court will analyze USAA's motion to dismiss and to strike.

## II.  Standards of Review

USAA seeks dismissal of Count II. In deciding a motion to dismiss, the district court is

required to view the complaint in the light most favorable to the plaintiff.  See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  The Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim.  Instead, Rule 8(a)(2) requires a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests.  See Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007)(citation omitted).  As such, a plaintiff is required to allege "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. at 1965 (citation omitted).  While the Court must assume that all of the allegations in the complaint are true, dismissal is appropriate if the allegations do not "raise [the plaintiff's] right to relief above the speculative level." Id. (citation omitted).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the plaintiff to conduct discovery in an attempt to prove the allegations.  See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

     Additionally, USAA asks the Court to strike certain portions of the amended complaint.  Federal Rule of Civil Procedure 12(f) provides that the Court can order that "any redundant, immaterial, impertinent, or scandalous matter" be stricken from a pleading.  However, "[a] motion to strike will 'usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.'" Scelta v. Delicatessen Support Services, Inc., 57 F. Supp.2d 1327, 1347 (M.D. Fla. 1999)(quoting Seibel v. Society Lease, Inc., 969 F. Supp. 713, 715 (M.D. Fla. 1997)).

**III. Motion to Dismiss**

USAA argues that Count II, Plaintiff's claim for unfair settlement practices, should be dismissed, because Plaintiff failed to comply with a condition precedent to bringing this claim. Specifically, USAA argues that Plaintiff was required to submit a CRN that complied with Florida Statute § 624.155(3)(b) prior to bringing the claim, and Plaintiff's failure to comply with the notice requirement bars the claim. The Court agrees.

As a condition precedent to bringing her claim for unfair settlement practices, Plaintiff was required to give USAA and the Department of Insurance ("Department") 60 days' written notice of the alleged statutory violation. See Fla. Stat. § 624.155(3)(a). The CRN must state with specificity the facts and circumstances giving rise to the violation, as well as the specific language of the statute that has been violated. See Fla. Stat. § 624.155(3)(b).

Plaintiff submitted three CRNs. USAA argues that none of the CRNs identify the specific subsections of the unfair settlement practices statute that it allegedly violated, nor do the CRNs state with specificity the facts and circumstances giving rise to the alleged violation.

The first two CRNs (submitted on April 11, 2008) are identical, except that the second CRN contains the full insurance claim number. (Doc. No. 8-2, 8-3). These CRNs indicate that Plaintiff is alleging that USAA violated Florida Statute § 626.9541(1)(i) by engaging in unfair settlement practices. However, these CRNs do not specify which subsections of § 626.9541(1)(i) have allegedly been violated, nor are there any facts in these CRNs that indicate which subsections are implicated. Instead, the only information provided in the CRNs regarding the alleged violation is the following statement: "1) CLAIMS DELAY 2) NOT FAIRLY AND HONESTLY ADJUSTING CLAIMS IN A PROMPT MANNER SO THAT THE POLICY

HOLDERS ARE FULLY INDEMNIFIED 3) REQUIRING LITIGATION TO GET PAID FAIR COMPENSATION." (Doc. No. 8-2, 8-3).

In Count II of her amended complaint, Plaintiff identifies the specific subsections that she contends that USAA violated. Specifically, she alleges that USAA engaged in unfair settlement practices by committing the following violations:

a. Failing to adopt and implement standards for the proper investigation of claims;

   *   *   *

c. Failing to acknowledge and act promptly upon communications with respect to claims;

d. Denying claims without conducting reasonable investigations based upon available information;

   *   *   *

f. Failing to promptly provide a reasonable explanation in writing to the insured of the basis in the insurance policy, in relation to the facts or applicable law, for denial of a claim or for the offer of a compromise settlement;

g. Failing to promptly notify the insured of any additional information necessary for the processing of a claim; . . .

h. Failing to clearly explain the nature of the requested information and the reasons why such information is necessary.

Fla. Stat. § 626.9541(1)(i)(3). Because none of these specific violations were identified in the CRNs, USAA argues that Plaintiff's unfair settlement practices claim based on these alleged violations must be dismissed.

Plaintiff responds that she cannot be faulted for failing to list the specific statutory subsections in the CRNs, because the CRN form was provided online by the Department and she was required to select the statute that was violated from a drop-down menu. Thus, Plaintiff contends that she did not have the option to identify the specific subsections that USAA violated. Furthermore, Plaintiff argues that the fact that the Department did not return her CRNs for lack of specificity shows that her CRNs gave USAA proper notice of the specific ways USAA

5

engaged in unfair settlement practices. In support of this argument, Plaintiff cites Florida Statute § 624.155(3)(c), which provides that within 20 days after the Department receives a CRN, "the department may return any notice that does not provide the specific information required by [§ 624.155(3)(b)], and the department shall indicate the specific deficiencies contained in the [CRN]."

The Court rejects Plaintiff's argument that the fact that the Department did not return her CRNs for lack of specificity *conclusively establishes* that her CRNs gave USAA proper notice. The statute at issue states that the Department "*may*" return a CRN that does not contain the required information. Thus, the Department's failure to reject a CRN is not dispositive. Furthermore, given the complete lack of any information in the CRN regarding the specific ways in which Plaintiff believed that USAA engaged in unfair settlement practices, the Court finds that the CRNs did not provide USAA with sufficient notice of her unfair settlement practices claim.

Additionally, to the extent that Plaintiff argues that USAA cannot fault her for using the Department's online form that did not provide an option for selecting the specific subsections of § 626.9541(1)(i) that were violated, the Court finds that her argument ignores the plain language of § 624.155(3)(b). Section 624.155(3)(b) requires that she state with specificity in the CRN the facts and circumstances giving rise to USAA's violation, as well as the specific language of the statute that USAA violated. The fact that the online form did not provide an option for selecting the specific subsections of § 626.9541(1)(i) that Plaintiff contends USAA violated did not prevent her from adding facts describing USAA's violation and/or identifying the specific subsections at issue on the portion of the form that directs her to describe the violation at issue.

Accordingly, the Court agrees with USAA that the two CRNs that Plaintiff submitted on April 11, 2008 are not sufficient to satisfy the notice requirement set forth in § 624.155(3)(b).

Likewise, the Court finds that the third CRN that Plaintiff submitted on April 28, 2010 also fails to satisfy the notice requirement set forth in § 624.155(3)(b). That CRN did not even identify § 626.9541 as a statute that was violated. Accordingly, the Court concludes that Plaintiff's unfair settlement practices claim in Count II must be dismissed due to her failure to submit a CRN that gave USAA proper notice of the acts that it engaged in that violated § 626.9541(1)(i)(3). See Nowak v. Lexington Ins. Co., 464 F. Supp.2d 1248, 1252 (S.D. Fla. 2006)(dismissing the plaintiff's unfair settlement practices claim because the CRN did not provide the defendant with sufficient notice that the plaintiff was asserting such a claim).

**IV.  Motion to Strike**

USAA also moves to strike certain portions of the amended complaint. Specifically, USAA moves to strike paragraph 34 of the amended complaint, as well as Plaintiff's request for punitive damages. However, as explained below, the Court denies the motion to strike.

In paragraph 34 of Count I of the amended complaint, Plaintiff alleges that the actions that USAA took (or failed to take), which led to its bad faith failure to settle her UM claim, occurred with such frequency as to indicate a general business practice. USAA argues that this paragraph should be stricken to the extent that Plaintiff is using it to assert a separate claim for violations of § 626.9541 (unfair settlement practices). Plaintiff responds that she is not using this paragraph to assert a separate claim for violations of § 626.9541. Instead, she points out that the purpose of this paragraph is to support her request for punitive damages, pursuant to § 624.155(5).

7

Section 624.155(5) allows punitive damages to be awarded when: (1) the acts giving rise to the violation occur with such frequency as to indicate a general business practice, and (2) the acts are done in reckless disregard for the rights of any insured. Plaintiff's allegations in paragraph 34 set forth the first element for punitive damages (USAA's general business practice), and her allegations in paragraph 37 set forth the second element for punitive damages (USAA's reckless disregard). Accordingly, the Court finds that neither paragraph 34, nor her request for punitive damages, should be stricken from the amended complaint.

**V.  Conclusion**

Accordingly, it is ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Count II and to Strike the Punitive Damages Claim and Paragraph 34 (Doc. No. 10) is **GRANTED TO THE EXTENT THAT** the Court dismisses Count II; otherwise, the motion is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of March, 2012.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record